**Tagged for Publication**



**ORDERED in the Southern District of Florida on December 6, 2011.**

*[signature]*

John K. Olson, Judge
United States Bankruptcy Court

_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
**Fort Lauderdale Division**
www.flsb.uscourts.gov

**In re**:

    Gerald F. **Radson,**

              Debtor.
_____/

Case No. 11-23853-JKO

Chapter 13

**ORDER DENYING DEBTOR'S LATE-FILED MOTION TO CONTINUE THE AUTOMATIC STAY
[ECF NO. 31]**

The automatic stay terminated in this case thirty days post-petition by operation of 11 U.S.C. § 362(c)(3)(A). The Debtor did not file a § 362(c)(3)(B) motion to continue the stay until ninety-four days post-petition. The Debtor now asks this court to use its equitable power under § 105(a) to impose the automatic stay *nunc pro tunc* to the petition date. For the following reasons, the motion is denied.

1

*Background*

The Debtor filed a *pro se* Chapter 13 petition on October 8, 2010 which initiated Case No. 10-41685-RBR.  That case was dismissed on November 5, 2010 with prejudice to refiling for 180 days because the Debtor did not file complete Chapter 13 schedules, a Chapter 13 plan, a statement of current monthly income, payment advices, or a credit counseling certificate.

On May 20, 2011, after the expiration of the first case's 180-day prejudice period, the Debtor filed a second *pro se* Chapter 13 petition which initiated this case.  Because the Debtor's first case was pending and dismissed during the year preceding this second case, the automatic stay of 11 U.S.C. § 362(a) went into effect on May 20, 2011 but, pursuant to § 362(c)(3)(A), was scheduled to expire thirty days thereafter.  The Debtor did not file a motion to extend the automatic stay under § 362(c)(3)(B) and the stay expired on June 19, 2011.

On August 2, 2011, the Debtor retained counsel who filed a § 362(c)(3)(B) motion to continue the automatic stay on August 22, 2011.  The motion was filed ninety-four days post-petition, twenty days after counsel was retained.  Subsection (c)(3)(B) requires that such motions be noticed and heard within the first thirty days of case.  For purposes of this motion, because the Debtor's first case was dismissed for failure to file substantial documentation, this second case is presumptively not filed in good faith pursuant to § 362(c)(3)(C)(i)(II)(aa). The Debtor has not offered clear and convincing evidence to rebut this presumption under § 362(c)(3)(C).

*Discussion*

Bankruptcy Code § 362(a) creates a stay for "a broad range of actions against the debtor, property of the debtor, or property of the estate" when a bankruptcy petition is filed under

2

11 U.S.C. § 301, § 302, or § 303. *In re Barr*, 318 B.R. 592 (Bankr. M.D. Fla. 2004). "It is well established that the stay created by § 362(a) is self-executing, or "automatic," upon the filing of the petition, and actions taken in violation of the stay are generally considered to be void." *In re Barr*, 318 B.R. 592 (Bankr. M.D. Fla. 2004). However, when a debtor has had a prior bankruptcy case dismissed within a year of a subsequent bankruptcy filing, a different result follows:

> (c) Except as provided in subsections (d), (e), (f), and (h) of this section –
> . . .
> (3) if a single or joint case is filed by or against debtor who is an individual in a case under chapter 7, 11, or 13, and **if a single or joint case of the debtor was pending within the preceding 1-year period but was dismissed**, other than a case refiled under a chapter other than chapter 7 after dismissal under section 707(b)—
>
> (A) **the stay under subsection (a)** with respect to any action taken with respect to a debt or property securing such debt or with respect to any lease **shall terminate with respect to the debtor on the 30th day after the filing of the later case**;
>
> (B) **on the motion of a party in interest for continuation of the automatic stay and upon notice and a hearing, the court may extend the stay** in particular cases as to any or all creditors (subject to such conditions or limitations as the court may then impose) **after notice and a hearing completed before the expiration of the 30-day period** only if the party in interest demonstrates that the filing of the later case is in good faith as to the creditors to be stayed . . ."

11 U.S.C. § 362(c)(3) (emphasis added). The automatic stay is only effective for the first thirty days of the debtor's second bankruptcy case when the first case was pending and dismissed

3

within the previous year.  To continue the stay beyond that initial 30-day period, a debtor must: "(1) file a motion for continuation; (2) there must be notice and a hearing on debtor's motion; (3) the hearing must be completed within thirty days of the date of the petition; and (4) debtor must prove that the filing of the new case is in good faith." *In re Franzese*, 2007 Bankr. LEXIS 2490, 5-6 (Bankr. S.D. Fla. July 19, 2007) (citing *In re Garrett*, 357 B.R. 128, 130 (Bankr. C.D. Ill. 2006)); *see also In re Toro-Arcila*, 334 B.R. 224, 225-226 (Bankr. S.D. Tex. 2005).  "If the notice and hearing are not completed within this [30-day] period, the automatic stay terminates by operation of law pursuant to § 362(c)(3)(A)." *Garrett*, 357 B.R. at 131; *see also Toro-Arcila*, 334 B.R. at 226 ("Relief under § 362(c)(3)(B) may only be granted after notice and a hearing completed before the expiration of the 30-day period.").

Because termination of the automatic stay on the 30th day of the second case could subject the bankruptcy estate to irreparable injury, some courts have used 11 U.S.C. § 105 to continue the stay even when a properly noticed hearing did not occur within the 30-day period of § 362(c)(3)(B). *See Whitaker v. Baxter (In re Whitaker)*, 341 B.R. 336, 348 (Bankr. S.D. Ga. 2006).  In *Whitaker,* the debtor's § 362(c)(3)(B) motion was not filed timely due to "inadvertence of counsel" and the stay terminated under subsection (c)(3)(A).  The debtor's assets became susceptible to creditor action, and the *Whitaker* court concluded that the balance of hardship weighed in the debtor's favor.  Because the debtor's plan provided for a 100% dividend to unsecured creditors, and because the automatic stay was needed to ensure orderly repayment, the court relied on § 105(a) in reimpose the automatic stay as to all creditors. *Id.* at 341, 348 ("before they filed this [chapter 13] case, both debtors established steady employment [and] because the debtors' plan provides a 100% dividend to unsecured creditors, imposing the stay will permit the orderly payment of claims in full").

Utilizing the *Whitaker* analysis, Judge Ray identified three factors to address when determining whether § 105(a) may be properly used to override stay termination under § 362(c)(3)(A). *See In re Franzese*, 2007 Bankr. LEXIS 2490, at *5-6 (Bankr. S.D. Fla. July 19, 2007) (citing *Whitaker*, 341 B.R. at 347).  The factors are: (1) whether the filing by the debtor was in good faith; (2) the lack of objection by creditors; and (3) whether ". . . the inability to obtain a hearing date within the thirty day time frame was caused by the inadvertence of counsel." *Id.* (citing *Whitaker*, 341 B.R. at 347).  The *Franzese* order agreed with *Whitaker's* holding that "making a party suffer because of the inadvertence of counsel is inequitable." *Id.* at *7.

Applying the *Whitaker / Franzese* factor analysis to the facts of this case, the late-filed motion to continue the automatic stay cannot be granted. The Debtor's first case was dismissed for failure to file substantial documentation such that this second case is presumptively not filed in good faith under § 362(c)(3)(C)(i)(II)(aa).  The Debtor has not offered clear and convincing evidence to rebut this presumption under § 362(c)(3)(C), and the first *Whitaker / Franzese* factor accordingly weighs in favor of denying the motion.  The second factor also weighs in favor of denying the motion because this matter did not proceed on the Chapter 13 consent calendar without objection.  And finally, the failure to obtain a hearing date within the first thirty days of this case was not due to the inadvertence of counsel.  The Debtor did not hire counsel until long after the automatic stay terminated.  The § 362(c)(3)(B) motion was filed ninety-four days post-petition and twenty days after counsel was retained.  Subsection (c)(3)(B) requires that such motions be noticed and heard within the first thirty days of the second case.  It appears that there is inadvertence of counsel here (by not filing the motion for twenty days after being retained),

but counsel's mistake is far overshadowed by the mistakes of his client. Congressional policy has determined that those mistakes are fatal.

*Conclusion*

While § 105(a) has been used by bankruptcy courts to ameliorate the harsh policy enacted in § 362(c)(3)(A), restraint must be shown when applying that equitable power. *See In re Scrivner*, 535 F.3d 1258, 1261 (10th Cir. 2008). In *Whitaker*, Judge Dalis explained that "I do not employ § 105 lightly, but only to "prevent an abuse of process" that is impermissibly severe." *Whitaker*, 341 B.R. at 338. Applying the three *Whitaker / Franzese* factors to the facts of this case, the late-filed motion for continuation of the automatic stay cannot be granted. It is accordingly ORDERED that the Debtor's late-filed motion to continue the automatic stay [ECF No. 31] is DENIED.

# # #